UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-01509-TWP-DLP |
| | ) |
| MATRON HAMILTON, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| JOHNSON COUNTY, | ) |
| | ) |
| Third Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADVANCED CORRECTIONAL | ) |
| HEALTHCARE, INC, | ) |
| | ) |
| Third-Party Defendant. | ) |

### AMENDED ORDER GRANTING IN PART AND DENYING IN PART PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on Third-Party Defendant Advanced Correctional Healthcare's ("ACH") Motion for Partial Judgment on the Pleadings as to Plaintiff's Claims Against Defendants/Third-Party Plaintiffs. (Dkt. 45.) This civil rights suit arises out of Brian Stewart's ("Stewart") medical care while he was incarcerated at the Johnson County Jail. For the following reasons, the Motion is **granted in part and denied in part**.[1]

### I.    STANDARD OF REVIEW

After the pleadings are closed, but early enough not to delay trial, a defendant may move

---

[1] This Amended Order replaces the Order at Docket 55. The Order is being amended because on page 7 in the Conclusion section, "Johnson County" was inadvertently included in the list of defendants being dismissed, even though a *Monell* claim is proceeding against Johnson County. Further, the Order was docketed without signature. No other substantive changes have been made to the Order.

8

for judgment on the pleadings for the reason that a complaint fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "When assessing the facial plausibility of a claim, we draw all reasonable inferences and facts in favor of the non-movant, but need not accept as true any legal assertions." *Id*. (internal quotation omitted).

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.    BACKGROUND

Stewart names the following Defendants in his Amended Complaint: Johnson County Sheriff's Office—Jail Division, Johnson County, Johnson County Sheriff's Department, Johnson County Jail, Sheriff Duane Burgess, Yet Unidentified Officers (all in their individual and official capacities) and Yet Unidentified Medical Staff (all in their individual and official capacities). (Dkt. 31.) Defendant Matron Hamilton ("Hamilton") is an employee of Johnson County who worked in the Johnson County Jail. *Id*.

The following are the factual allegations in the Amended Complaint, which, pursuant to the standard described above, the Court must accept as true at this time. Stewart was a pretrial detainee in the Johnson County Jail from June 8, 2019 through August 2019. Before his

incarceration, he fractured his ankle and underwent surgery. His doctor prescribed medical equipment—specifically a medical boot and crutches—to help his recovery. While at the Johnson County Jail, Stewart was "denied his necessary medical equipment for a fractured ankle and surgically placed hardware, as prescribed by his treating physician, due to Defendants' policies, procedures and/or customs, and the actions of individuals acting under color of state law in deliberate indifference to his known medical needs," (Dkt. 31 at ¶ 12), despite the Defendants' actual knowledge that he had recently undergone surgery, (Dkt. 31 at ¶ 16).

Stewart suffered injuries due to the Defendants' "policies or customs regarding the hiring, training and supervision of their officers, physicians, medical providers and staff." *Id.* at ¶ 24. Additionally, Hamilton denied Stewart's numerous requests for his boot and crutches. *Id.* at ¶ 13. Stewart raises both constitutional and state law negligence claims against all Defendants.

### III. DISCUSSION

ACH seeks partial judgment on the pleadings on all claims except a state law claim against Johnson County and a § 1983 claim against Hamilton. The Court discusses each claim in turn.

**A.** *Monell* **Claim**

A municipality may be sued under 42 U.S.C. § 1983 when its actions violate the Constitution. *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff "must identify an action taken by the municipality, the requisite degree of culpability, and a causal link between the municipality's action and the deprivation of federal rights. A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Id.* (internal citations omitted).

ACH argues that it is entitled to judgment on the pleadings because Stewart has failed to adequately allege that the Defendants engaged in a policy, practice, or custom that resulted in a

8

constitutional violation. ACH contends that *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985), is analogous to the circumstances here. In *Strauss*, the plaintiff alleged that he suffered an unlawful arrest and battery by a Chicago police officer. *Id.* at 766. He raised a *Monell* claim where the only other evidence as to a policy or practice besides his arrest were statistical summaries regarding complaints filed with the police department. *Id.* at 768−69. The Seventh Circuit concluded that the summaries were too generalized to provide any relevant information because "[p]eople may file a complaint for many reasons, or for no reason at all. That they filed complaints does not indicate that the policies that Strauss alleges exist do in fact exist and did contribute to his injury." *Id.*

Here, the Court understands Stewart to allege that the Johnson County defendants maintain either an explicit policy or a custom of depriving detainees of necessary medical equipment such as a boot or crutches prescribed by outside doctors upon the detainee's admission into the jail. This is distinct from *Strauss*, where the plaintiff could not connect a municipal policy with his interaction with one police officer. Stewart's allegations are sufficient to state a *Monell* claim. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993) (holding that federal courts may not "apply a 'heightened pleading standard'—more stringent that the usual pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure—in civil rights cases alleging municipal liability").

ACH argues that Stewart cannot rely on his own experience alone to maintain a *Monell* practice or policy claim. But while "necessarily more difficult," it is not impossible for a plaintiff to demonstrate a practice or custom with evidence limited to personal experience, so long as he provides "'evidence that there is a true municipal policy at issue, not a random event.'" *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020) (quoting *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005)). Moreover, assuming there may be other detainees who have been subjected to this policy,

Stewart need not name them in the Amended Complaint. *See Geinosky v. City of Chicago*, 675 F.3d 743, 748 n. 3 (7th Cir. 2012) (noting that in a civil rights complaint alleging an equal protection claim, there is "no basis for requiring the plaintiff to identify the [similarly situated person] *in the complaint*" even under the more demanding pleading requirements of *Iqbal* and *Twombly*) (emphasis original).

Accordingly, Stewart has sufficiently pled a *Monell* claim.

The Defendants are correct, however, that Stewart has unnecessarily named all Defendants—Johnson County Sheriff's Office-Jail Division, Johnson County, Johnson County Sheriff's Department, Johnson County Jail, and the individual Defendants in their official capacity—for the same *Monell* claim. The Defendants state that Johnson County is the proper defendant, and the remaining Defendants are either improper or duplicative. *See Oesterlin v. Cook Co. Sheriff's Dep't*, 781 F. App'x 517, 520 (7th Cir. 2019) (noting that suing the county, the sheriff's department, and the sheriff in his official capacity is effectively suing the county) (citing *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016)). Stewart concedes that the Defendants are duplicative. (Dkt. 50 at 5.) Accordingly, Stewart's *Monell* claims **shall proceed** against Johnson County only. Claims against Johnson County Sheriff's Office-Jail Division, Johnson County Sheriff's Department, Johnson County Jail, and the individual Defendants in their official capacities are **dismissed**.

**B.     State Tort Claims against Defendants Burgess and Hamilton**

ACH next argues that any state negligence claims against Burgess and Hamilton in their individual capacities must be dismissed because they are immune from suit under the Indiana Tort Claims Act because they were acting in the scope of their employment. (Dkt. 46 at 15−16 (citing Indiana Code § 34-13-3-5(b) and Smith v. Ind. Dep't. of Corr., 871 N.E.2d 975, 986 (Ind. Ct. App. 2007)).) Stewart did not respond to this argument with any legal authority stating these Defendants

are not immune.  Therefore, all state law claims against Burgess and Hamilton are **dismissed**. *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

**C.**     **Individual Capacity Claim against Burgess**

ACH argues that any individual capacity claims against Burgess should be dismissed because the Amended Complaint does not state any facts suggesting that Burgess was personally involved in depriving Stewart of his medical equipment.  "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted).  The Court agrees that the Amended Complaint lacks any allegation of personal involvement, and Stewart provides no argument to the contrary. *Schaefer*, 839 F.3d at 607.  Accordingly, all individual capacity constitutional claims against Burgess are **dismissed**.

**D.**     **Unidentified Defendants**

Finally, ACH seeks dismissal of the "yet unidentified officers" and "yet unidentified medical staff" because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).  Stewart provides no argument to the contrary. *Schaefer*, 839 F.3d at 607. Accordingly, all claims against these Defendants are **dismissed**.

**IV.     CONCLUSION**

ACH's Motion for Partial Judgment on the Pleadings, (Dkt. 45), is **DENIED in part and GRANTED in part**.  It is **denied to the extent** that a *Monell* claim shall proceed against Johnson County.  It is **granted to the extent** that claims against the following Defendants are dismissed for the reasons described in Section III:  Johnson County Sheriff's Office-Jail Division, Johnson County

8

Sheriff's Department, Johnson County Jail, Duane Burgess, in his individual and official capacities, Yet Unidentified Officers, and Yet Unidentified Medical Staff. **The Clerk is directed to terminate** these Defendants from the docket. All official capacity and state law claims against Matron Hamilton are also **dismissed**.

In summary, the following claims are proceeding:

- Fourth and Fourteenth Amendment claims against Matron Hamilton;
- *Monell* and state law negligence claims against Johnson County.

The docket **shall** reflect that Hamilton and Johnson County are the only remaining defendants. All other claims are dismissed. No partial final judgment shall issue.

SO ORDERED.

Date: 8/15/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Paul J. Cummings
HENN HAWORTH CUMMINGS & PAGE
paul.cummings@HHCFirm.com

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@whwlawyers.com

Jacob Garrett Bowman
WILLIAMS BARRETT & WILKOWSKI, LLP
jbowman@whwlawyers.com

William W. Barrett
WILLIAMS BARRETT & WILKOWSKI, LLP
wbarrett@whwlawyers.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL, P.C.
drew@bleekedilloncrandall.com

8